(E)(3) is modified to say "fails to provide the Trustee with satisfactory notice of insurance on the vehicle."



**SO ORDERED.**

**SIGNED this 02 day of December, 2008.**

_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:

MCGINITY, DIANA LYNN          CASE # 07-40438-7

    Debtor(s).

DARCY D. WILLIAMSON, TRUSTEE
FOR THE BANKRUPTCY ESTATE OF
MCGINITY, DIANA LYNN

    Plaintiff,          ADVERSARY #08-7028

vs.

KYANG FEDERAL CREDIT UNION and
DIANA LYNN MCGINITY

    Defendants.

**AGREED JOURNAL ENTRY OF JUDGMENT**

COMES NOW the Trustee, Darcy D. Williamson and enters her Agreed Journal Entry of Judgment on the Complaint for Turnover of Property and Complaint to Avoid and Preserve Transfers and Unperfected Security Interest and to Determine the Nature and Extent of All Interests in Property. The plaintiff appears in person. The defendant appears by and through her attorney Jill A. Michaux. The Defendant, Kyang Federal Credit Union, (hereafter called "KFCU" or Defendant), appears by Zachary A. King of Butler & Associates, P.A.

After reviewing the court file and being otherwise duly and fully advised in the premises, the court finds and defendants acknowledge that:

1. The allegations contained in plaintiff's Complaint for Turnover of Funds are true. However, Kyang Federal Credit Union, denies it received notification of debtor's move to Florida and asserts debtor failed to include KFCU's lien on the Florida title application.

2. Both defendants were served with summons and voluntarily enter this Agreed Journal Entry.

3. The debtor/defendant owns a 2003 Mitsubishi Eclipse Spyder, VIN #4A3AE75H13E200306 (hereafter "vehicle").

4. On the date of this bankruptcy filing (April 12, 2007), KFCU had a retained security interest in this vehicle. The Trustee is granted judgment against KFCU avoiding its unperfected security interest and lien in this vehicle per 11 U.S.C. §544. The Trustee is granted judgment under 11 U.S.C. §550, entitling the Trustee to recover the property transferred (vehicle), and/or the value of such property from KFCU. The Trustee is granted judgment under 11 U.S.C. §551, preserving the property transferred (vehicle) and its value from KFCU for the benefit of the estate. KFCU shall have no further interest in this vehicle and will have the right to file an unsecured claim within 30 days of the entry of this Agreed Journal Entry per Bankruptcy Rule 3002 (c) (3).

5. The debtor will retain possession of the vehicle provided the following occurs:

A) The debtor/defendant agrees to pay Darcy D. Williamson, Trustee the total sum of $4,925.00. The same shall be payable as follows:

   1) Debtor's counsel is holding $3,400.00 of debtor's funds in her trust account. Within 10 days of court approval of this Journal Entry, counsel on behalf of debtor will remit the sum of $3,400.00 to Darcy D. Williamson, Trustee.

   2) The remaining balance due ($1,525.00) will be paid by debtor at the rate of $200.00 per month commencing on or before January 15, 2009, and continuing on like dates thereafter until the remaining sum of $1,525.00 (and total sum of $4,925.00) is paid in full. Having been provided

   a time line of residency, the trustee will not object to the debtor's amended exemption of the tax refund under federal statutes.

B) Debtor/defendant shall keep the vehicle insured with satisfactory comprehensive and collision insurance with a deductible of $250.00. In the event of any accident, the proceeds of insurance of and any replacement vehicle are covered by and governed by this agreement. The Courts' written permission after notice and hearing is required to use the insurance proceeds and/or to trade and/or purchase a replacement vehicle.

C) The debtor/defendant shall furnish annually or as reasonably requested by the Trustee, evidence of satisfactory insurance required under this Order.

D) The Trustee will be granted a security interest in and to this vehicle and debtor shall executed all documents related thereto.

E) The Trustee and debtor agree and the Court so orders that the defendant shall be in default under this Journal Entry in the event that the debtor /defendant:

1) fails to deliver any payment, monthly or otherwise due under the terms of this Order; or

2) fails to maintain satisfactory insurance on the vehicle or insurance lapses; or

3) fails to provide the Trustee with satisfactory insurance on the vehicle.

6. If debtor is in default more than 10 days under the above provisions, the Trustee may secure possession of the vehicle or its replacement by voluntary or involuntary means and wherever located. The Trustee may then cause the vehicle to be sold in accordance with 11 U.S.C. §363.

7. Upon the Defendant's repayment of the balance owed the estate as set forth under the terms of the agreement between the parties and as set out in this Order, the Trustee agrees that a satisfaction of judgment shall be entered in this case and the Trustee shall enter a satisfaction of judgment.

8. The Defendant acknowledges and understand that should she fail to abide by the terms and provisions of this Agreed Journal Entry (ex: fail to make timely payments or fails to maintain insurance, etc. ), she may also be held in contempt of Court.

IT IS SO CONSIDERED, ORDERED, ADJUDGED AND DECREED.

# # #

**AGREED JOURNAL ENTRY OF JUDGMENT**
IN RE: MCGINITY, DIANA LYNN
CASE # 07-40438-7
ADVERSARY #08-7028
Page 4



Submitted and Approved:


s/ Darcy D. Williamson
DARCY D. WILLIAMSON, Trustee
Attorney # 11337
700 Jackson, Suite 404
Topeka, KS 66603
(785) 233-9908



s/Jill A. Michaux
JILL A. MICHAUX, #11128
534 S. Kansas Ave., Suite 825
Topeka KS 66603
(785) 354-1471
Attorney for Debtor/Defendant



s/Zachary A. King
ZACHARY A. KING, #21578
Butler & Associates, P.A.
3706 S Topeka Blvd., Ste. 300
Topeka, KS 66609
(785) 267-6444
Attorney for Defendant
Kyang Federal Credit Union